■ ROBERT PALLADINO, Respondent, v HARVEY GUTMAN et al., Appellants, et al., Defendants.—In an action to recover damages, *inter alia,* for medical malpractice and strict products liability, (1) the defendant Cook Urological, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 8, 1989, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) the defendant Dr. Harvey Gutman appeals, as limited by his brief, from so much of an order of the same court, dated February 15, 1990, as upon granting reargument, adhered to a

prior determination denying that branch of his motion which was for summary judgment dismissing the first cause of action as time-barred. The appeal from the order dated November 8, 1989, brings up for review so much of an order of the same court, dated February 15, 1990, as, upon reargument, substantially adhered to the original determination denying the defendant Cook's motion for summary judgment dismissing the complaint insofar as it is asserted against it (CPLR 5517 [b]).

Ordered that the appeal from the order dated November 8, 1989, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 15, 1990, made upon reargument; and it is further,

Ordered that the order dated February 15, 1990, is reversed insofar as appealed from by the defendant Gutman, on the law, without costs or disbursements, so much of the order dated November 8, 1989, as denied that branch of the defendant Gutman's motion which was for summary judgment dismissing the first cause of action as time-barred is vacated, that branch of the motion is granted, and the complaint is dismissed insofar as asserted against the defendant Gutman; and it is further,

Ordered that the order dated February 15, 1990, is otherwise affirmed insofar as appealed from by the defendant Cook Urological, Inc., without costs or disbursements.

In 1984 and 1985, defendant Dr. Harvey Gutman inserted ureteral stents alleged by the plaintiff to have been manufactured by defendant Cook Urological, Inc. (hereinafter Cook) into both of the plaintiff's ureters in order to conduct urinary secretions from the plaintiff's kidneys to his urinary bladder. This procedure was performed at the facility of the defendant St. John's Episcopal Hospital (hereinafter the Hospital). In 1987, the stents broke into fragments, causing a complete blockage of the plaintiff's urinary system, and, consequently, permanent serious kidney damage.

The court erred in denying that branch of the defendant Gutman's motion which was for summary judgment dismissing the first cause of action, sounding in medical malpractice, as time-barred. We find the plaintiff's argument that the Statute of Limitations did not begin to run until January 25, 1986, one year after his last visit to the defendant Dr. Gutman, to be without merit. In support of this contention, the plaintiff alleges that Dr. Gutman stated that he wanted to examine the plaintiff concerning the necessity of replacing the stents one year after the plaintiff's discharge from the Hospi-

tal on January 26, 1985. No such appointment was ever scheduled and Dr. Gutman had no further contact with the plaintiff. Based on these facts, we reject the plaintiff's contention that Dr. Gutman's course of treatment continued through January 25, 1986 (see, Richardson v Orentreich, 64 NY2d 896; Bellmund v Beth Israel Hosp., 131 AD2d 796, 797). Accordingly, the first cause of action is dismissed as time-barred.

The court properly denied that branch of the defendant Cook's motion which was for summary judgment dismissing the sixth cause of action sounding in strict products liability, since an issue of fact exists concerning whether Cook adequately warned the Hospital and Dr. Gutman of the dangers associated with the use of the stents (see, Bikowicz v Nedco Pharmacy, 130 AD2d 89, 93; Hoffman-Rattet v Ortho Pharm. Corp., 135 Misc 2d 750, 753).

Additionally, the court correctly denied that branch of Cook's motion which was for summary judgment on the seventh cause of action, sounding in implied warranty. Since Cook denied the plaintiff's allegation that it manufactured the stents, a question of fact remains concerning whether Cook can be held liable on this theory. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.