[599 NYS2d 194]

JAMES E. STILLOE, Appellant, v WILLIAM CONTINI et al., Respondents.

Third Department, June 17, 1993

## APPEARANCES OF COUNSEL

*Powers & Santola,* Albany *(Michael J. Hutter* and *Bruce Maston* of counsel), for appellant.

*Levene, Gouldin & Thompson,* Binghamton *(Cynthia Ann K. Manchester* and *David M. Gouldin* of counsel), for respondents.

### OPINION OF THE COURT

MIKOLL, J. P.

The issue here is whether defendant William Contini or defendant Associates in Medicine, P. C. (hereinafter AIM) rendered continuous treatment to plaintiff by renewing plaintiff's prescription for prednisone by telephone and, thus, tolling the Statute of Limitations. Under the doctrine of continuous treatment, the time in which to bring a malpractice action is stayed when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint *(see, McDermott v Torre,* 56 NY2d 399, 405; *Borgia v City of New York,* 12 NY2d 151, 155).

The operative circumstances herein are as follows. Contini is an internist and AIM is a professional corporation of which he is a shareholder. Plaintiff consulted Contini because of a chronic skin condition for which Contini prescribed prednisone, a steroid medication. Plaintiff's complaint alleges that Contini negligently prescribed prednisone for plaintiff during a seven-year period without properly monitoring either the dosage or his condition. It is alleged that a well-recognized danger of prednisone use is the development of open-angle glaucoma, a disease affecting vision, and that Contini failed to advise plaintiff, either orally or in writing, of the risks and dangers of the use of prednisone, which has caused glaucoma in plaintiff leading to blindness.

The examination before trial of Contini submitted on the motion indicates that after diagnosing plaintiff's skin rash and asthma on January 16, 1980, Contini saw plaintiff on October 15, 1982 and commenced treating him with prednisone. Plain-

tiff was instructed by Contini to take prednisone, in 10-milligram strength every other day for a "few" months at a time. Plaintiff was instructed to return in a year to see how he was doing. Plaintiff returned for visits on March 11, 1983 and January 17, 1984. The prednisone treatment was continued by Contini. Plaintiff affirmed that Contini never instructed him about the potential dangers from use of the drug. Contini's records bear no notation of warnings being given to plaintiff. Contini, at best, speculated that he probably warned plaintiff of some of the dangers as is his practice. Thereafter, for the next five years defendants supplied plaintiff with prednisone prescriptions without personally seeing plaintiff during the interlude. Contini acknowledged that he was aware that the prescriptions were continuing. The amount of pills prescribed and their frequency of renewal indicates that plaintiff was using dosages above and beyond the parameters set by Contini in the October 15, 1982 visit.

Plaintiff sued defendants within 18 months of the last prescription issued for him. Supreme Court, *inter alia,* granted defendants' cross motion and dismissed the complaint as time barred. The court, citing *McDermott v Torre* (56 NY2d 399, *supra),* rejected plaintiff's contention that defendants' action of prescribing medication over the telephone constitutes treatment. This appeal by plaintiff ensued.

In *McDermott v Torre (supra,* at 405), it was noted that "[t]he Statute of Limitations may begin to run 'once a hospital or physician considers the patient's treatment to be completed and does not request the patient to return for further examination' " (quoting 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214-a.03). A fair reading of Contini's examination before trial indicates that he considered himself plaintiff's physician throughout the entire period when the prescriptions were being issued and though he had indicated to plaintiff that he ought to be seen at least once a year, Contini failed to insist on a personal visit and elected to treat him with medication, sight unseen.

The practice of the profession of medicine includes prescribing for any disease or physical condition (Education Law § 6521). It cannot be determined on the record, as a matter of law, that plaintiff's relationship with Contini had ceased. Unlike the situation in *Cooper v Kaplan* (78 NY2d 1103), plaintiff in this case had a continuing relationship with defendants so that treatment occurred on each date a prescription was received. Defendants failed to raise any factual issue as to

any action or conduct between either party which might have ended Contini's course of treatment of plaintiff. Regardless of any physical or personal contact between a doctor and his patient, where they intend the relationship to continue and the patient continues to rely on the doctor for care and treatment, the requirement for continuous care and treatment for the purpose of the Statute of Limitations is satisfied *(see, Richardson v Orentreich,* 64 NY2d 896, 899). Accordingly, Supreme Court improperly granted defendants' cross motion to dismiss the complaint.

YESAWICH JR., MERCURE, CREW III and CASEY, JJ., concur.

Ordered that the order and judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' cross motion to dismiss the complaint; cross motion denied; and, as so modified, affirmed.