■ ALBERT BARTOLO, Individually and as Administrator of the Estate of ANNE BARTOLO, Deceased, Respondent, v MICHAEL A. MONACO et al., Appellants. [609 NYS2d 275] —In an action to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered December 23, 1991, as granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defenses of the Statute of Limitations with respect to all alleged acts of malpractice occurring prior to May 2, 1988.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was to strike the defendants' affirmative defenses of the Statute of Limitations as to all acts occurring prior to May 2, 1988, is denied, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

In 1985, the plaintiff's decedent Anne Bartolo visited the defendant Michael A. Monaco, with complaints of a lump in her left breast. Dr. Monaco made an initial diagnosis of fibrocystic disease, and referred Mrs. Bartolo to a radiologist for a mammogram. On May 3, 1985, Dr. Monaco consulted with plaintiffs concerning the results of the mammography. Thereafter, during the period from May 3, 1985, to May 2, 1988, Mrs. Bartolo made frequent visits to the defendants' office, including numerous visits in 1986 and 1987 for prenatal and postpartum care. The plaintiff alleges that during this period defendant also rendered continuous treatment for Mrs. Bartolo's breast condition, thereby tolling the Statute of Limitations (see, CPLR 214-a; *McDermott v Torre*, 56 NY2d 399; *Borgia v City of New York*, 12 NY2d 151). The defendants submitted documentary evidence refuting the plaintiff's claims that continuous treatment was rendered for the breast condition during the period in question. Inasmuch as the exact nature of decedent's continuing visits to the defendants' office presents a question of fact for which there is conflicting evidence, the Supreme Court erred by striking the affirmative defenses of the Statute of Limitations with respect to acts occurring prior to May 2, 1988 (see, *McDermott v Torre, supra;* cf., *Nykorchuck v Henriques*, 78 NY2d 255). The issue of whether or not the continuous treatment doctrine may be applied to this case remains a question of fact for a jury's resolution (see, *Yelin v American Dental Ctr.*, 184 AD2d 693, 695). Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.