■ Judith G. Engelbart, Respondent, v Michael B. Schachter, Appellant. [652 NYS2d 80] —In an action to recover damages for medical malpractice and wrongful death, the defendant appeals from so much of an order of the Supreme

Court, Rockland County (Weiner, J.), dated August 31, 1995, as granted the plaintiff's cross motion to strike his third affirmative defense and for leave to serve an amended complaint.

Ordered that the order is modified by (1) deleting the provision thereof granting that branch of the plaintiff's cross motion which was to strike the defendant's third affirmative defense with respect to those claims arising out of medical services provided prior to February 13, 1985, and substituting therefor a provision denying that branch of the plaintiff's cross motion, and (2) deleting the provision thereof granting the plaintiff's cross motion and substituting therefor a provision denying that branch of the plaintiff's cross motion which was for leave to serve an amended complaint alleging causes of action against Mountainview Medical Associates, P. C., and Michael B. Schachter, M.D., P. C., as defendants for claims arising out of medical services provided by their employees, other than the defendant, Michael B. Schachter, M.D.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In or about 1982, the plaintiff's deceased (hereinafter the deceased) became a patient of Mountainview Medical Associates (hereinafter MMA), now known as Michael B. Schachter, M.D., P. C., a medical corporation wholly owned by the defendant, Michael B. Schachter, M.D. The deceased was initially treated, *inter alia,* for hypertension, and continued to be treated by employees of MMA. On February 13, 1985, the defendant provided medical services to the deceased for the first time since he became a patient at MMA. Although the deceased came to the defendant for a urological consult, the defendant provided treatment related to the deceased's hypertension. The defendant became the deceased's primary physician in 1987. The plaintiff commenced this action on October 6, 1992.

We find that the defendant has a viable Statute of Limitations defense for the claims arising out of the medical services provided by the other employees of MMA since an employee of a professional corporation will not be held vicariously liable for acts performed solely by a co-employee (*see, Connell v Hayden,* 83 AD2d 30). However, we find that the defendant provided continual treatment to the deceased beginning with his visit on February 13, 1985, and extending through October 1990 (*see, Forte v Weiner,* 214 AD2d 397; *Stilloe v Contini,* 190 AD2d 419). Accordingly, the Statute of Limitations does not bar any claims arising out of the medical services provided by the defendant on or after February 13, 1985.

Furthermore, the defendant is only united in interest with

MMA and Michael B. Schachter, M.D., P. C., with respect to the claims arising out of medical services provided by the defendant (*see, Buran v Coupal*, 87 NY2d 173; *Connell v Hayden, supra*). Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.