■ Jane C. Dolfini et al., Appellants, v Carlito V. Morilla et al., Defendants, and Ratna A. Sabnis et al., Respondents. [690 NYS2d 79] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 23, 1998, which granted the motion of the defendants Ratna A. Sabnis, Ralph Anderson, and the partnership of Ratna A. Sabnis, M.D., and Ralph G. Anderson, M.D., for partial summary judgment dismissing all causes of action based on conduct which occurred prior to September 14, 1993.

Ordered that the order is reversed, with costs, the motion is denied, and those causes of action that were based on the respondents' conduct which occurred prior to September 14, 1993, are reinstated.

The plaintiffs commenced this action, *inter alia*, to recover damages based on the respondents' failure to properly diagnose and treat a malignant lump in the breast of the plaintiff Jane C. Dolfini for three years. The respondents moved for partial summary judgment dismissing all causes of action based on their conduct which occurred more than 2½ years prior to the commencement of the action. The plaintiffs argue that the respondents' continuous treatment of the breast condi-

tion tolled the Statute of Limitations. The Supreme Court granted the respondents' motion and we reverse.

The plaintiffs have demonstrated that there are issues of fact as to whether the respondents "explicitly contemplated further treatment of her breast condition" between February 1993 and February 1996 (*see, Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 297). Whether the respondents undertook to monitor Ms. Dolfini's breast once they had discovered the lump, or whether they had completely turned over the care of her condition to Dr. Carlito V. Morilla, are questions of fact for the jury (*see, Adams v Frankel*, 242 AD2d 595; *Pace v Caron*, 232 AD2d 617; *Bartolo v Monaco*, 202 AD2d 535; *Garcia-Alano v Guttman Breast Diagnostic Inst.*, 188 AD2d 262). There is also a question of fact as to whether the respondents' continued prescription of hormone replacements may have contributed to the metastasis of the breast cancer (*see, Sinclair v Cahan*, 240 AD2d 152). S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.