■ LINDA NELSON et al., Appellants, v ROBERT F. WEISS et al., Respondents. [712 NYS2d 608] —In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered July 12, 1999, which granted the defendants' motion for partial summary judgment dismissing so much of the complaint as sought to recover damages based upon alleged acts and/or omissions which occurred prior to November 2, 1993.

Ordered that the order is reversed, with costs, the motion is denied, and so much of the complaint as sought to recover damages based upon alleged acts and/or omissions which occurred prior to November 2, 1993, is reinstated.

In 1993 the plaintiff Linda Nelson (hereinafter the plaintiff) made frequent visits to the office of the defendant doctors for prenatal care. According to the plaintiff, she made numerous complaints throughout the course of treatment about a lump and thickening in her right breast, but she was assured by the defendants that the symptoms were related to her pregnancy and was advised that a follow-up examination would be conducted at the conclusion of her pregnancy. The plaintiff delivered her child on December 20, 1993, and in January 1994, after the defendant Weiss performed an examination, was referred to a breast surgeon. Shortly thereafter, the plaintiff was diagnosed with breast cancer and subsequently underwent two mastectomies.

In May 1996 the plaintiff and her husband commenced this action to recover damages for injuries allegedly caused by the defendants' failure to diagnose her breast cancer in a timely fashion. The Supreme Court granted the defendants' motion

for partial summary judgment dismissing as time-barred so much of the complaint as sought to recover damages based upon conduct of the defendants that allegedly occurred more than 2½ years before the commencement of the action. We find that in opposition to the defendants' prima facie showing of entitlement to summary judgment, the plaintiffs demonstrated the existence of issues of fact as to whether the continuous treatment doctrine tolled the Statute of Limitations, and accordingly, we reverse.

While the defendants submitted evidence on the motion for partial summary judgment tending to refute the claim that continuous treatment was rendered for the breast condition during the period in question, the plaintiff stated in her affidavit in opposition to the motion that the defendants had advised her that her breasts would be re-examined on her first postpartum visit. Thus, there is conflicting evidence as to the exact nature of the plaintiff's continuing visits to the defendants' offices during the period of prenatal care. Further, it appears that the question of whether the plaintiff required additional treatment for her breast condition was not resolved until completion of the allegedly agreed-upon postpartum breast examination and subsequent sonogram (*see, Irizarry v New York City Health & Hosps. Corp.,* 268 AD2d 321). Under the circumstances, issues of fact have been raised as to the nature of the plaintiff's visits to the defendants' offices and whether her physicians explicitly contemplated further postpartum treatment of her breast condition (*see, Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 297; *Dolfini v Morilla,* 261 AD2d 431; *Bartolo v Monaco,* 202 AD2d 535; *see also, Brannigan v DeBrovner,* 197 AD2d 270). S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.