NASHON MCPHERSON, Respondent, v JAMIL ABRAHAM, Defendant, and JAMAICA HOSPITAL MEDICAL CENTER, Appellant. (And a Third-Party Action.) [787 NYS2d 69]—

In an action to recover damages for medical malpractice, the defendant Jamaica Hospital Medical Center appeals from stated portions of an order of the Supreme Court, Queens County (Dollard, J.), dated October 1, 2003, which, inter alia, denied its motion for summary judgment dismissing the complaint as time-barred insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion for summary judgment dismissing the complaint insofar as asserted against the appellant and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On October 8, 1995, the plaintiff fell and injured his left wrist while playing basketball. He sought treatment in the emergency

room of the Jamaica Hospital Medical Center (hereinafter the hospital), where an X ray was taken which revealed a fracture of the navicular bone. When the plaintiff was asked at his examination before trial what the treating physician told him were the X ray results, he responded that they "[were] negative." Although an aftercare sheet advised the plaintiff to follow-up in five days at the hospital's orthopedic clinic, the plaintiff claims that he was instructed to return only if he had further problems. About six months later, on April 10, 1996, the plaintiff again fell while playing basketball and landed on his left wrist. He returned to the hospital emergency room for treatment of his wrist which was swollen and had "limited movement." An X ray taken during this second hospital visit showed an "old non-united fracture of the navicular bone." On June 23, 1998, the plaintiff commenced this action to recover damages for medical malpractice against the hospital alleging that it had negligently failed to diagnose and treat the wrist fracture he sustained on October 8, 1995. The hospital moved for summary judgment dismissing the complaint insofar as asserted against it upon the ground that it was barred by the $2^{1}/_{2}$-year statute of limitations for medical malpractice claims. In opposition, the plaintiff argued that the continuous treatment doctrine tolled the statute of limitations until April 10, 1996, when he returned to the hospital's emergency room for treatment of pain in his left wrist which was exacerbated by the new fall. The Supreme Court denied the hospital's motion, concluding that there was an issue of fact as to whether the treatment the plaintiff received at the hospital in April 1996 was related to the same condition for which he had been treated six months earlier. We disagree.

CPLR 214-a provides for a tolling of the $2^{1}/_{2}$-year statute of limitations in actions to recover damages for medical malpractice where there is "continuous treatment for the same illness, injury or condition." The rationale underpinning the doctrine is that "a patient should not be required to interrupt corrective medical treatment by a physician and undermine the continuing trust in the physician-patient relationship in order to ensure the timeliness of a medical malpractice action" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *see Rizk v Cohen*, 73 NY2d 98, 104 [1989]; *Borgia v City of New York*, 12 NY2d 151, 156 [1962]). "Because a patient who is not aware of the need for further treatment of a condition is not faced with the dilemma that the doctrine is designed to prevent, the primary focus in determining whether the doctrine applies in a given case must remain on the patient" (*Young v New York City Health & Hosps. Corp., supra* at 296).

Applying these principles here, we find that the plaintiff failed to raise an issue of fact as to whether his return to the hospital in April 1996 for treatment of an injury to his wrist sustained in a new fall constituted continuous treatment for the same wrist injury he was treated for in October 1995. Notably, the plaintiff alleged that the hospital failed to inform him in October 1995 that he fractured his navicular bone, and that he was not aware of discharge instructions advising him to follow-up at the hospital's orthopedic clinic in five days. Thus, at the time the hospital's alleged malpractice was committed in October 1995, the plaintiff was not aware that he needed to seek further treatment, and was not explicitly anticipating a return to the hospital for follow-up care (*see Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338 [1997]; *Richardson v Orentreich,* 64 NY2d 896, 898-899 [1985]). Moreover, the plaintiff's malpractice claim is, in essence, predicated upon the hospital's failure to properly establish a course of treatment for him in October 1995, which is an omission that does not come within the scope of the continuous treatment doctrine (*see Young v New York City Health & Hosps. Corp., supra; Nykorchuck v Henriques,* 78 NY2d 255, 259 [1991]). Under these circumstances, the continuous treatment doctrine is not applicable, and the hospital's motion for summary judgment dismissing the complaint as time-barred insofar as asserted against it should have been granted.

In light of our determination, we do not reach the hospital's remaining contention. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.