SHERI LEE SCHREIBER, Respondent, v CHRISTIAN ZIMMER, Appellant. [793 NYS2d 104]—

In an action to recover damages for dental malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated August 18, 2004, as denied that branch of his motion which was for partial summary judgment dismissing as time-barred so much of the complaint as was based upon alleged acts of malpractice occurring between May 11, 1998, and November 22, 1999.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for partial summary judgment dismissing as time-barred so much of the complaint as was based upon alleged acts of mal-

practice occurring between May 11, 1998, and November 22, 1999, is granted.

The defendant established his entitlement to partial summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of dental malpractice occurring between May 11, 1998, and November 22, 1999 (*see* CPLR 214-a; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *Massie v Crawford*, 78 NY2d 516, 519 [1991]; *Nykorchuck v Henriques*, 78 NY2d 255, 257 [1991]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact that the statute of limitations was tolled by the continuous treatment doctrine (*see Massie v Crawford, supra; Zuckerman v City of New York, supra; Leifer v Parikh*, 292 AD2d 426, 428 [2002]; *Britton v Garson*, 262 AD2d 439, 440 [1999]; *cf. Couch v County of Suffolk*, 296 AD2d 194 [2002]). The plaintiff's evidence established only that she had a patient-dentist relationship with the defendant for a number of years and that she saw him several times per year for routine dental examinations. This did not constitute a course of treatment with respect to the condition that gave rise to this action, which was commenced on May 22, 2002 (*see Massie v Crawford, supra; Nykorchuck v Henriques, supra; Charalambakis v City of New York*, 46 NY2d 785, 787 [1978]; *Grippi v Jankunas*, 230 AD2d 826 [1996]; *cf. Couch v County of Suffolk, supra*). Thus, the requested relief should have been granted. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.