■ Joanne Magalios et al., Respondents, v Bette Nyhlen, Appellant, et al., Defendants. [795 NYS2d 758]—

In an action to recover damages for medical malpractice, etc., the defendant Bette Nyhlen appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 28, 2004, as denied her motion to dismiss the complaint insofar as asserted against her as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

An action sounding in medical malpractice must be commenced within two years and six months of the act, omission, or failure complained of, or last treatment where there is continuous treatment for the same illness, injury, or condition which gave rise to the said act, omission, or failure (*see* CPLR 214-a). The appellant established, prima facie, her entitlement to judgment as a matter of law by demonstrating that the action was commenced more than 2½ years after the last date on which she rendered professional services to the plaintiff Joanne Magalios (*see Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]). In opposition to the appellant's motion, the plaintiffs failed to raise a triable issue of fact with respect to the applicability of the continuous treatment doctrine, upon which

they rely. The plaintiffs presented no facts from which it might reasonably be concluded that the periodic diagnostic examinations conducted by the defendant were related to a course of treatment, as required to apply the continuous treatment toll (*see Nykorchuck v Henriques,* 78 NY2d 255, 258-259 [1991]; *Davis v City of New York,* 38 NY2d 257, 260 [1975]; *Schatten v Robbins,* 295 AD2d 335, 336 [2002]; *Robertson v Bozza & Karafiol,* 242 AD2d 613, 615-616 [1997]). The cases relied upon by the plaintiffs (*see Couch v County of Suffolk,* 296 AD2d 194 [2002]; *Elkin v Goodman,* 285 AD2d 484 [2001]) are inapposite. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.