■ CARMEN CONNORS, Respondent, v YOUNG F. ENG, Appellant. [839 NYS2d 810]—

In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated January 31, 2006, as denied that branch of his motion which was for summary judgment dismissing the causes of action seeking to recover damages based upon alleged acts and/or omissions which occurred prior to June 22, 2001.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the instant medical malpractice action by summons and complaint dated December 19, 2003, alleging, inter alia, that the defendant failed to diagnose her thyroid cancer. In support of his motion for summary judgment, the defendant submitted evidence demonstrating that any alleged acts of malpractice occurring before June 22, 2001, took place more than 2½ years prior to the commencement of this action and were thus time-barred (*see* CPLR 214-a; *Cox v*

*Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Magalios v Nyhlen*, 18 AD3d 719 [2005]).

In opposition, the plaintiff raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine (*see McDermott v Torre*, 56 NY2d 399, 407 [1982]; *Couch v County of Suffolk*, 296 AD2d 194, 197 [2002]). The plaintiff's affidavit demonstrated that she initially saw the defendant on May 19, 1988, for an evaluation of her thyroid and thyroid nodule and that she returned to the defendant's office 41 times until May 18, 2002, for the purpose of monitoring her thyroid nodule (*see Labshere v Petroski*, 32 AD3d 645, 647 [2006]; *Prinz-Schwartz v Levitan*, 17 AD3d 175, 179 [2005]; *Nelson v Weiss*, 275 AD2d 399, 400 [2000]; *Pace v Caron*, 232 AD2d 617 [1996]). Under such circumstances, a triable issue of fact exists as to whether the defendant engaged in a course of treatment dating back to May 1988. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the causes of action seeking to recover damages based on alleged acts and/or omissions which occurred prior to June 22, 2001, was properly denied.

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.