(April 15, 2008)

■ MARIA ANDERSON, Respondent, v CENTRAL BROOKLYN MEDICAL GROUP et al., Defendants, and HARVEY GOLDSTEIN, Appellant. [855 NYS2d 675]—

In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant Harvey Goldstein appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 3, 2007, as denied his motion pursuant to CPLR 3211 (a) (5), 214-a, and 3212 to dismiss the complaint insofar as asserted against him as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Harvey Goldstein to dismiss the complaint insofar as asserted against him is granted.

The Supreme Court erred in denying the motion of the defendant Harvey Goldstein pursuant to CPLR 3211 (a) (5), 214-a, and 3212 to dismiss the complaint insofar as asserted against him as time-barred. Goldstein established his prima facie entitlement to judgment as a matter of law by demonstrating through his deposition testimony and submission of the decedent's medical records that the action insofar as asserted against him was commenced after the expiration of the applicable statute of limitations (*see Kaufmann v Fulop*, 47 AD3d 682 [2008]). In response, the plaintiff failed to demonstrate the existence of a triable issue of fact as to whether the doctrine of

continuous treatment tolled the statute of limitations (*id.; DiGiaro v Agrawal,* 41 AD3d 764, 766 [2007]).

In order "[f]or the continuous treatment doctrine to apply, further treatment must be explicitly anticipated by both the physician and patient, as demonstrated by a regularly-scheduled appointment for the near future, which was agreed upon at the last visit and conforms to the periodic appointments relating to the treatment in the immediate past" (*Monello v Sottile, Megna,* 281 AD2d 463, 464 [2001]; *see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 296 [1998]; *Chulla v DiStefano,* 242 AD2d 657, 658 [1997]).

Here, the plaintiff failed to demonstrate that, after a second visit with Goldstein in February 2002 any future visit was planned. Rather, Goldstein's submissions demonstrated that the condition for which he was treating the decedent, a lump on a lymph node, had resolved itself by the second visit, and that no future treatment was anticipated for this specific condition. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.