■ Linda Capece, Appellant, v Thomas Nash, Respondent.
[861 NYS2d 119]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 23, 2007, which granted the defendant's motion for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice committed prior to May 21, 2001, and for summary judgment dismissing the wrongful death cause of action, and denied her cross motion to strike the defendant's affirmative defense based on the statute of limitations.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the wrongful death cause of action premised on the allegation that medical malpractice was committed on May 24, 2001 and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion which was to strike the affirmative defense of the statute of limitations with respect to so much of the wrongful death cause of action as was premised on the allegation that medical malpractice was committed on May 24, 2001 and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action on November 20, 2003 alleging, inter alia, that the defendant was negligent in his treatment of the decedent from November 1999 through May 24, 2001. The defendant, an internist who specializes in infectious diseases and pulmonary medicine, treated the decedent

between December 3, 1999 and June 6, 2000. That treatment included a needle biopsy in December 1999 that was negative, and a follow-up CT scan that was conducted on June 1, 2000. On June 6, 2000 the defendant recommended that the decedent undergo a further needle biopsy, an open lung biopsy, or an additional CT scan within six months, but the decedent did not follow-up on the defendant's recommendations, and did not schedule any future appointments with him.

In March 2001 the decedent was hospitalized for pneumonia and chronic obstructive pulmonary disease. During that hospitalization an X ray disclosed a condition in her right lung. In early May 2001 the decedent was seen by another physician, also a pulmonologist, who suggested she return to the defendant for further evaluation of the condition disclosed by the X ray. The defendant saw the decedent on May 24, 2001. At his recommendation, the decedent underwent additional tests and was subsequently diagnosed with lung cancer.

The defendant established his prima facie entitlement to summary judgment dismissing, as time-barred, so much of the complaint as was based on alleged acts of medical malpractice committed prior to May 21, 2001, the period that was more than 2½ years prior to the commencement of the action (see CPLR 214-a; Cox v Kingsboro Med. Group, 88 NY2d 904, 906 [1996]; Massie v Crawford, 78 NY2d 516, 519 [1991]; Kaufmann v Fulop, 47 AD3d 682 [2008]; Magalios v Nyhlen, 18 AD3d 719 [2005]; Schreiber v Zimmer, 17 AD3d 342 [2005]). The plaintiff failed to raise a triable issue of fact as to whether the treatment received by the decedent on May 24, 2001 constituted "continuous treatment" sufficient to toll the statute of limitations (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 297 [1998]; Anderson v Central Brooklyn Med. Group, 50 AD3d 829 [2008]; Nespola v Strang Cancer Prevention Ctr., 36 AD3d 774, 775 [2007]; Magalios v Nyhlen, 18 AD3d 719 [2005]; McPherson v Abraham, 13 AD3d 422 [2004]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice committed prior to May 21, 2001.

However, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the wrongful death cause of action in its entirety. The portion of the medical malpractice cause of action that is based on the defendant's treatment of the decedent on May 24, 2001 was still viable when the decedent died on January 13, 2003. Accordingly, to the extent the wrongful death cause of ac-

tion, which was commenced within two years of the decedent's death, is premised on the allegation that medical malpractice was committed on May 24, 2001 it is not time-barred (*see* EPTL 5-4.1; *Scanzano v Horowitz*, 49 AD3d 855 [2008]; *Norum v Landau*, 22 AD3d 650 [2005]; *Murphy v Jacoby*, 250 AD2d 826 [1998]). Since so much of the complaint as was predicated on alleged acts of medical malpractice occurring prior to May 21, 2001 is time-barred, any aspect of the wrongful death cause of action predicated on those acts is also time-barred.

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur. [*See* 14 Misc 3d 1233(A), 2007 NY Slip Op 50290(U).]