■ Valdis Kletnieks, Respondent, v Howard M. Hertz et al., Appellants, et al., Defendants. [863 NYS2d 487]—In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Howard M. Hertz and Howard M. Hertz, M.D., P.C., appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated September 18, 2006, as denied that branch of their motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based on alleged acts of malpractice occurring prior to April 24, 2000, as time-barred and granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment determining that the statute of limitations was tolled by the continuous treatment doctrine with respect to alleged acts of malpractice

occurring from January 28, 1999 to October 27, 2000, and (2) so much of an order of the same court dated May 31, 2007, as denied that branch of their motion which was for leave to renew.

Ordered that the order dated September 18, 2006 is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was, in effect, for summary judgment determining that the statute of limitations was tolled by the continuous treatment doctrine with respect to alleged acts of malpractice occurring from January 28, 1999 to October 27, 2000, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated September 18, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 31, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based on alleged acts of malpractice occurring prior to April 24, 2000 as time-barred. The appellants established their entitlement to summary judgment by demonstrating that the alleged wrongdoing occurred more than two years and six months before the instant action was commenced (*see* CPLR 214-a; *Anderson v Central Brooklyn Med. Group*, 50 AD3d 829 [2008]; *Schreiber v Zimmer*, 17 AD3d 342, 343 [2005]). In response to the appellants' prima facie showing, the plaintiff raised a triable issue of fact as to whether there was a course of continuous treatment by the defendant which, if established, would render this action timely (*see* CPLR 214-a; *Engelbart v Schachter*, 235 AD2d 387, 388 [1997]; *Stilloe v Contini*, 190 AD2d 419, 422 [1993]).

The Supreme Court erred in granting that branch of the plaintiff's cross motion which was, in effect, for summary judgment determining that the statute of limitations was tolled by the continuous treatment doctrine with respect to alleged acts of malpractice occurring from January 28, 1999 to October 27, 2000. Based upon the record presented in this case, the issue of whether or not the continuous treatment doctrine may be applied remains a question of fact for a jury's resolution (*see Bartolo v Monaco*, 202 AD2d 535, 536 [1994]; *see e.g. Prinz-Schwartz v Levitan*, 17 AD3d 175, 179 [2005]; *Dolfini v Morilla*, 261 AD2d 431, 432 [1999]; *Swift v Colman*, 196 AD2d 150, 154 [1994]).

The Supreme Court properly denied that branch of the appellants' motion which was for leave to renew. A motion for leave

to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *O'Connell v Post*, 27 AD3d 631 [2006]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]). The appellants failed to set forth a reasonable justification for their failure to present the alleged new facts on the prior motion (*see O'Connell v Post*, 27 AD3d 631 [2006]; *Elder v Elder*, 21 AD3d 1055 [2005]). Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.