■ Linda Capece, Appellant, v Thomas Nash, Respondent. [897 NYS2d 124]—

Motion by the plaintiff for leave to reargue a decision and order on motion of this Court dated September 29, 2009, which recalled and vacated a decision and order of this Court dated June 24, 2008, which determined an appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 23, 2007.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order on motion of this Court dated September 29, 2009 (*Capece v Nash*, 65 AD3d 1270 [2009]), is recalled and vacated, and the following decision and order on motion is substituted therefor: In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 23, 2007, which granted the defendant's motion for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice committed prior to May 21, 2001, and for summary judgment dismissing the wrongful death cause of action, and denied her cross motion to strike the defendant's affirmative defense based on the statute of limitations. Justice Mastro has been substituted for former Justice Spolzino (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the wrongful death cause of action to the extent it is premised on acts al-

leged to have occurred on or after July 13, 2000, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the medical malpractice cause of action to the extent it is premised on acts alleged to have occurred before May 21, 2001, and substituting therefor a provision granting that branch of the motion to the extent that it was to dismiss the medical malpractice cause of action to the extent it is premised on acts alleged to have occurred before July 13, 2000, and otherwise denying that branch of the motion, and (3) by deleting the provision thereof denying that branch of the cross motion which was to strike the affirmative defense of the statute of limitations to the extent that it was based on acts alleged to have occurred on or after July 13, 2000, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action on November 20, 2003, alleging, inter alia, that the defendant was negligent in his treatment of the decedent from November 1999 through May 24, 2001. The defendant, an internist who specializes in infectious diseases and pulmonary medicine, treated the decedent between December 3, 1999, and July 7, 2000. The decedent consulted the defendant in connection with a condition in her right lung that had been disclosed during screening at a clinic on November 17, 1999. The treatment included a needle biopsy in December 1999 that was negative, a recommendation that a follow-up CT scan be conducted in three months, and a follow-up CT scan that was conducted on June 1, 2000. The parties disagree as to the scope of the defendant's recommendations made on June 6, 2000, but agree that there was a recommendation that the decedent have an additional CT scan in six months. The defendant also requested that the decedent submit a copy of the original CT scan that had been conducted at the screening clinic, for comparison with the June 1, 2000, scan. The decedent submitted a copy of that earlier scan, under cover letter dated July 7, 2000, and the defendant made a notation for his staff to send the scan to the imaging center that conducted the June 1, 2000, scan for comparison. The decedent did not make any future appointments with the defendant, she did not have the recommended six-month follow-up CT scan, and there is no assertion that she made any inquiry of the defendant as to the status of the proposed comparison of the two CT scans.

In March 2001, the decedent was hospitalized for pneumonia and chronic obstructive pulmonary disease. During that

hospitalization an X-ray again disclosed the condition in her right lung. In early May 2001 the decedent was seen by another physician, also a pulmonologist, who suggested she return to the defendant for further evaluation of the lung condition. The defendant saw the decedent on May 24, 2001. At his recommendation, the decedent underwent additional tests and was subsequently diagnosed with lung cancer. The decedent died on January 13, 2003.

The defendant established his prima facie entitlement to judgment as a matter of law dismissing, as time-barred, so much of the complaint as was based on alleged acts committed prior to July 13, 2000, the period that was more than 2½ years prior to the death of the decedent (*see* CPLR 214-a; *Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Massie v Crawford*, 78 NY2d 516, 519 [1991]; *Kaufmann v Fulop*, 47 AD3d 682 [2008]; *Magalios v Nyhlen*, 18 AD3d 719 [2005]; *Schreiber v Zimmer*, 17 AD3d 342 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to the "continuous treatment" doctrine (*see generally Gomez v Katz*, 61 AD3d 108 [2009]). The plaintiff may have shown the existence of an initial course of treatment through the monitoring of the specific lung condition (*see Ganess v City of New York*, 85 NY2d 733, 736 [1995]; *Cherise v Braff*, 50 AD3d 724, 726 [2008]; *Connors v Eng*, 42 AD3d 511 [2007]), but she failed to raise a triable issue of fact as to that course of treatment continuing beyond July 7, 2000. The decedent did not schedule the recommended follow-up CT scan, inquire as to the status of the proposed comparison of the scans, or schedule any other appointment with the defendant until she returned to see him on May 24, 2001, at the suggestion of another pulmonologist (*see Elrington v Staub*, 29 AD3d 939 [2006]; *Zelig v Urken*, 28 AD3d 318 [2006]; *Palladino v Gutman*, 176 AD2d 930, 931 [1991]; *Bellmund v Beth Israel Hosp.*, 131 AD2d 796, 797 [1987]). The plaintiff failed to raise a triable issue of fact as to the applicability of the "continuous treatment" doctrine sufficient to toll the statute of limitations (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 297 [1998]; *Anderson v Central Brooklyn Med. Group*, 50 AD3d 829 [2008]; *Nespola v Strang Cancer Prevention Ctr.*, 36 AD3d 774, 775 [2007]; *Magalios v Nyhlen*, 18 AD3d 719 [2005]; *McPherson v Abraham*, 13 AD3d 422 [2004]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts committed prior to July 13, 2000.

However, the Supreme Court erred in granting that branch of

the defendant's motion which was for summary judgment dismissing so much of the complaint as was based upon alleged acts committed on or after July 13, 2000. Claims based upon alleged acts committed on or after July 13, 2000, were still viable when the decedent died on January 13, 2003, and the instant action was commenced within one year of the decedent's death. Accordingly, to the extent that the *complaint* is premised on alleged acts committed on or after July 13, 2000, it is not time-barred (*see* EPTL 5-4.1; CPLR 210 [a]; *Scanzano v Horowitz*, 49 AD3d 855 [2008]; *Norum v Landau*, 22 AD3d 650 [2005]; *Murphy v Jacoby*, 250 AD2d 826 [1998]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Santucci, Angiolillo and Balkin, JJ., concur.