In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), entered January 10, 2011, which granted the motion of the defendants Orlando V Bautista and Family Medical Care of Long Island, PC., pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint insofar as asserted against them as was based upon acts of alleged malpractice committed before September 27, 2006.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Orlando V Bautista and Family Medical Care of Long Island, PC., which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the cause of action to recover damages for wrongful death insofar as asserted against them as was based upon acts of alleged malpractice committed before September 27, 2006, and substituting therefor a provision granting that branch of the motion to the extent of dismissing so much of the cause of action to recover damages for wrongful death insofar as asserted against those defendants as was based upon acts of alleged malpractice committed before December 30, 2005; as so modified, the order is affirmed, without costs or disbursements.
On March 27, 2009, the plaintiff commenced this action against, among others, the defendant Orlando V Bautista, a family practitioner, and his professional corporation, Family Medical Care of Long Island, PC. (hereinafter together the respondents), alleging that they failed to properly diagnose and treat atherosclerotic coronary heart disease, hyperlipidemia, microalbuminuria, and tobacco/nicotine addiction, resulting in *1036 the decedent’s untimely death on June 30, 2008. The complaint, as amplified by the bill of particulars, alleged negligent acts and omissions by the respondents from the date of the decedent’s first visit with Bautista on July 14, 2001, until the date of her death. The decedent’s last visit with Bautista was on June 12, 2008. The respondents moved pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint insofar as asserted against them as was based upon acts of alleged malpractice committed before September 27, 2006. The Supreme Court granted the motion.
The Supreme Court improperly determined that the statute of limitations barred so much of the cause of action to recover damages for wrongful death, insofar as asserted against the respondents, as was based upon acts of medical malpractice prior to September 27, 2006 (i.e., 2V2 years before the date the action was commenced), rather than December 30, 2005 (i.e., 2V2 years before the date of the decedent’s death) (see Capece v Nash, 70 AD3d 743, 745 [2010]). Since, at the time of her death, the decedent had a valid cause of action to recover damages for medical malpractice, and since the wrongful death cause of action was commenced within two years of the date of her death, the wrongful death cause of action was timely interposed (see EPTL 5-4.1; Norum v Landau, 22 AD3d 650 [2005]; Murphy v Jacoby, 250 AD2d 826 [1998]; Suarez v Phelps Mem. Hosp. Assn., 130 AD2d 571 [1987]). Accordingly, any claims to recover damages for wrongful death insofar as asserted against the respondents which were premised on acts of alleged malpractice occurring on or after December 30, 2005 (i.e., within 2V2 years of the decedent’s death), including those allegedly arising from the decedent’s visit with Bautista on June 12, 2008, were timely interposed (see EPTL 5-4.1; Norum v Landau, 22 AD3d 650 [2005]; Fritz v Southside Hosp., 182 AD2d 671 [1992]).
However, in opposition to the respondent’s motion, the plaintiff failed to establish that the doctrine of continuous treatment tolled the statute of limitations (see Cox v Kingsboro Med. Group, 88 NY2d 904, 906-907 [1996]; Anderson v Central Brooklyn Med. Group, 56 AD3d 500, 501 [2008]). Pursuant to CPLR 214-a, the statute of limitations is tolled until after the patient’s last visit “ ‘when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint’ ” (McDermott v Torre, 56 NY2d 399, 405 [1982], quoting Borgia v City of New York, 12 NY2d 151, 155 [1962]). Here, the evidence established that the decedent initially visited Bautista’s office on July 14, 2001, to obtain medical clearance for surgery for *1037 pelvic inflammatory disease. Diagnostic tests demonstrated that the decedent had, among other conditions, Type II diabetes and high cholesterol. Bautista testified at his deposition that he did not prescribe cholesterol-lowering medication at that time because the focus of treatment was on diabetes control through medication and diet which, if successful, would significantly reduce the decedent’s blood cholesterol levels. Bautista prescribed the decedent medication for her diabetes, referred her to a nutritionist, and advised her to follow up. The decedent returned for a follow-up visit on August 1, 2001. Bautista arranged to have her repeat the “hemoglobin A1C” test and advised her to follow up in three weeks. The decedent did not have the test and did not return to Bautista until October 16, 2001, at which time she sought medical clearance for a surgical evaluation of an abnormal pap smear. Thereafter, the decedent returned to Bautista several times for medical clearance for surgery or with various ailments including high blood sugar, sinusitis, bronchitis, knee pain, and a diabetes-related skin condition on her leg. Eventually, on June 11, 2008, the decedent went to the emergency room with chest pains, and was treated and released that day with orders to follow up with Bautista. She saw Bautista on June 12, 2008, and he diagnosed her with diabetes, hyperlipidemia, and acid reflux, referred her for a cardiology consultation and endocrinology follow-up, prescribed the cholesterol-lowering drug Zocor, and directed her to follow up in one week. The decedent did not follow up, and she died on June 30, 2008.
On the record presented, after the visit on August 1, 2001, the decedent and the physician did not mutually agree upon or anticipate future appointments for the purpose of treating the decedent’s atherosclerotic coronary heart disease, elevated blood cholesterol levels, microalbuminuria, or tobacco/nicotine addiction (see Anderson v Central Brooklyn Med. Group, 56 AD3d at 501). The decedent’s visits to Bautista after the August 1, 2001, visit were in the nature of “[r]outine diagnostic examinations” or “return visits on the patient’s initiative, merely for the purpose of having [her] condition checked” (Norum v Landau, 22 AD3d at 652). A mere continuation of a general doctor-patient relationship does not qualify as a course of treatment for purposes of the statutory toll (see Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]; McDermott v Torre, 56 NY2d at 405-406; Gomez v Katz, 61 AD3d 108, 112 [2009]). Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.