■ SHIRLEY M. MARLOWE, as Limited Administratrix of the Estate of JOHN MARLOWE, SR., Deceased, Respondent, v E. I. DuPONT deNEMOURS & Co. et al., Defendants, and MONROE RADIOLOGICAL ASSOCIATES, P. C., et al., Appellants. (Action No. 1.) SHIRLEY M. MARLOWE, as Limited Administratrix of the Estate of JOHN R. MARLOWE, SR., Deceased, Respondent, v

STRONG MEMORIAL HOSPITAL, Appellant. (Action No. 2.)—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: On November 13, 1979, plaintiff's decedent, John R. Marlowe, Sr., experiencing chest pains, was taken by ambulance to Lakeside Memorial Hospital where he was X-rayed by Monroe Radiological Associates. On the same day he was transferred to Strong Memorial Hospital where X rays of his chest were again taken in the emergency department. He was not admitted to the hospital.

The Monroe radiological report indicated "a soft tissue mass lesion at the right base posteriorly. This must be considered a carcinoma." Further testing was recommended. Similarly, the Strong report noted that the patient had a density in the right lower lung which could be a tumor, and the report suggested that further testing be done. The complaint alleges that, despite these reports, neither decedent nor his wife was informed of the possible presence of a tumor nor were they advised of the need for follow-up care.

Some nine months later, in August 1980, after experiencing extreme distress, decedent was taken to the Emergency Department at Lakeside Memorial Hospital where chest X rays were again taken. These X rays indicated that the tumor previously diagnosed had grown dramatically since November 13, 1979. He was admitted to Strong Memorial Hospital on September 6, 1980 where his condition was treated. On April 14, 1981 he died from lung cancer. These actions were commenced on April 7, 1983 and allege negligence on the part of defendants in failing to determine that the November 1979 X rays showed abnormal internal growths and failing to inform decedent of his condition. No claim of negligence is made against Strong for the period after his admission for treatment in September 1980 until the date of death. Recovery is sought for the wrongful death of decedent and for his conscious pain and suffering.

Defendants moved to dismiss the actions as time barred. Special Term denied the motions without differentiating between the causes of action for wrongful death and for conscious pain and suffering.

Wrongful death claims are governed by EPTL 5-4.1, which provides that distributees of a decedent may maintain an action to recover damages for a wrongful act which caused decedent's death, provided that such person would have been liable to decedent by reason of the wrongful conduct if death

had not ensued. The wrongful death claim must be commenced within two years of the date of death and the decedent must have had a viable cause of action against defendant on the day he died (*see,* Siegel, NY Prac § 44). Decedent died on April 14, 1981 and the alleged malpractice occurred November 13, 1979. Thus measured, decedent had a viable claim for malpractice on the day he died and the wrongful death actions commenced on April 7, 1983 were within two years of his death and are, therefore, not time barred.

A different result obtains in the causes of action for conscious pain and suffering. The alleged act of malpractice occurred on November 13, 1979 and the actions herein were not commenced until April 7, 1983, well beyond the applicable 2 1/2-year Statute of Limitations (CPLR 214-a). Plaintiff urges and Special Term held that the actions fall within the continuing treatment doctrine judicially created in *Borgia v City of New York* (12 NY2d 151) and codified in CPLR 214-a. We disagree.

The statute provides that an action for medical malpractice must be commenced within 2 1/2 years of the date on which plaintiff received the "last treatment where there is continuous treatment for the same illness, injury or condition * * *. For the purpose of this section the term 'continuous treatment' shall not include examinations undertaken at the request of the patient for the sole purpose of ascertaining the state of the patient's condition" (CPLR 214-a).

On November 13, 1979, decedent was examined and released by both hospitals and no further treatment was contemplated or rendered at that time (the issue is irrelevant as to Lakeside Memorial and Monroe Radiological since neither ever treated decedent beyond taking and evaluating X rays). The medical services rendered on that date were "discrete and complete" and were diagnostic in nature, done at the request of decedent to determine the state of his condition (*see, Davis v City of New York,* 38 NY2d 257). The hospital-patient relationship began and ended on that day and decedent's admission to Strong Memorial in September 1980 can only be regarded as the beginning of treatment or the resumption of treatment (*Barrella v Richmond Mem. Hosp.,* 88 AD2d 379, 384). The only act of negligence alleged in the pleadings occurred on November 13, 1979 and there is nothing in this record which establishes that between that date and September 6, 1980 any treatment was rendered or contemplated that would toll the Statute of Limitations.

The continuing treatment issue is irrelevant as to Lakeside

Memorial and Monroe Radiological because the last treatment rendered by those defendants was more than 2 1/2 years beyond the commencement of the actions. (Appeal from order of Supreme Court, Monroe County, Davis, J.—summary judgment.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.