■ ROBERT M. PHELPS, Individually and as Executor of PAULINE PHELPS, Deceased, Appellant, v JOHN GRECO et al., Respondents.—In an action to recover damages for medical malpractice, and for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated February 13, 1990, which denied his motion to dismiss the defendants' fifth and sixth affirmative defenses and granted the defendants' cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On August 2, 1984, the plaintiff's decedent presented herself at Nassau County Medical Center and reported that she had been coughing up blood. She was examined by an intern, who ordered X-rays which were interpreted by a resident in radiology. The resident noted that the plaintiff's decedent's lungs were normal and she was allowed to leave. Sometime later that day or early the next day, an attending physician in radiology, whose duty it was to review the resident's X-ray interpretations, came to a different conclusion, and noted a suspicious density in the decedent's lungs. Four days later, on August 6, 1984, the resident prepared a "corrected copy" of the report, recommending follow-up X-rays. That report was routed to the decedent's chart. No one, however, informed the decedent of the change in the report.

In April 1986 when she sought medical attention because she began to experience a numbness in her arm, the decedent learned she had lung cancer which had metastasized to her brain. Her new physician inquired into her medical records and she learned for the first time of the diagnosis of a suspicious density made some 20 months earlier.

A notice of claim was filed in June 1986 and this action sounding in medical malpractice was thereafter commenced against the individual physicians and then against the County of Nassau. Upon the decedent's death in 1987, the plaintiff interposed an amended pleading containing a wrongful death cause of action. He also sought to recover damages for fraudulent concealment. The defendants have maintained throughout that this action is barred owing to a failure to comply with General Municipal Law § 50-e and because the action was not commenced within the one-year-and-90-day Statute of Limitations in General Municipal Law § 50-i.

Passive failure to disclose the existence of a condition warranting further medical treatment is not a continuing wrong *(see, Rizk v Cohen,* 73 NY2d 98; *Ross v Community Gen. Hosp.,* 150 AD2d 838; *cf., Marlowe v Strong Mem. Hosp.,* 112 AD2d 769). Therefore, the cause of action to recover damages for medical malpractice accrued in August 1984 *(see, Rizk v Cohen, supra; Ross v Community Gen. Hosp., supra; Marlowe v Strong Mem. Hosp., supra).* Since that cause of action was no longer viable when the plaintiff's decedent died in October 1987 the wrongful death cause of action was time barred as well *(see,* EPTL 5-4.1; *Johnson v Stromberg-Carlson Tel. Mfg. Co.,* 276 NY 621; *Marlowe v Strong Mem. Hosp., supra; Myers v City of Plattsburgh,* 13 AD2d 866). It is undisputed that no notice of claim was served, and no action was commenced, within the statutorily prescribed periods *(see,* General Municipal Law §§ 50-e, 50-i). Moreover, no triable issue is presented with respect to whether the defendants fraudulently concealed facts which induced the plaintiff and his decedent to refrain from timely commencement of the action giving rise to an estoppel *(see, Simcuski v Saeli,* 44 NY2d 442). Neither the plaintiff nor his decedent had contact with the defendants after August 1984 and before the Statute of Limitations ran *(cf., Ross v Community Gen. Hosp., supra; Cassidy v County of Nassau,* 84 AD2d 742) and there was thus no occasion for the defendants to make any representations to them *(see, Rizk v Cohen, supra; see also, Simcuski v Saeli, supra).* There is similarly no basis for a cause of action sounding in fraud. We agree with the defendants that this action is time barred. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.