■ JAMES D. ROBERTSON, Individually and as Executor of the Estate of PATRICIA A. ROBERTSON, Deceased, Respondent, v

BOZZA AND KARAFIOL M.D., P. C., et al., Appellants. [662 NYS2d 324] —In an action, *inter alia,* to recover damages for medical malpractice and wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 15, 1996, as denied their motion (1) for summary judgment dismissing the complaint as time-barred insofar as asserted against the appellants Bozza and Karafiol, M.D., P. C., s/h/a Bozza and Karafoil, M.D., P. C., and Anthony J. Bozza, M.D., and (2) for partial summary judgment dismissing the complaint insofar as it asserts any claims arising prior to February 10, 1986, against the appellants Letitia McGreer Snodgrass and John D'Arcy Snodgrass, co-executors of the Estate of John J. Snodgrass, M.D., deceased, as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion is granted, the complaint is dismissed as time-barred insofar as asserted against the appellants Bozza and Karafiol, M.D., P. C., s/h/a Bozza and Karafoil, M.D., P. C., and Anthony J. Bozza, M.D., and the complaint is dismissed as time-barred insofar as it asserts any claims arising prior to February 10, 1986, against the appellants Letitia McGreer Snodgrass and John D'Arcy Snodgrass, co-executors of the Estate of John J. Snodgrass, M.D., deceased.

The instant action arises out of the alleged medical malpractice of Dr. Anthony J. Bozza and Dr. John J. Snodgrass and their alleged failure to diagnose the plaintiff's decedent as having breast cancer. On May 16, 1985, the plaintiff's decedent visited the medical practice of Bozza and Karafiol, M.D., P. C. (hereinafter the medical practice) and was examined by Dr. Bozza, who diagnosed the plaintiff's decedent as having chronic cystic mastitis. Although he recommended that she get a mammogram, he did not refer her to anyone in particular and this did not constitute a continuation of Dr. Bozza's diagnostic procedure. Dr. Bozza had already completed his diagnosis of the plaintiff's decedent and no further treatment was contemplated (*cf., Adams v Frankel,* 242 AD2d 595 [decided herewith]). Subsequently, on August 5, 1985, the plaintiff's decedent was referred by a friend to Dr. Snodgrass for a mammogram. Dr. Snodgrass also determined that the decedent had cystic breasts but concluded that the results of the mammogram were otherwise normal.

Thereafter, on June 23, 1986, believing that the size of the lump had increased, the plaintiff's decedent returned to the medical practice and was examined by Dr. Paul Karafiol. Kara-

fiol discovered a lump in the plaintiff's decedent's right breast and referred her to Dr. Snodgrass for additional testing. A mammogram and sonogram administered by Dr. Snodgrass on June 24, 1986, revealed that a cystic area in the plaintiff's decedent's right breast had increased in size. The plaintiff's decedent was then referred to a surgeon who performed a biopsy and diagnosed cancer. After extensive chemotherapy and radiation treatment, the plaintiff's decedent died on August 10, 1988. On August 9, 1989, the plaintiff, who is the decedent's husband, commenced this action to recover damages for her wrongful death. He alleged, *inter alia,* that Dr. Bozza failed to diagnose the plaintiff's decedent's medical condition in May 1985 and that Dr. Snodgrass had misdiagnosed her condition both in August 1985 and June 1986. Thereafter, the appellants moved for summary judgment dismissing the complaint insofar as asserted against the medical practice and Dr. Bozza as time-barred, and for partial summary judgment dismissing those claims asserted against the co-executors of Dr. Snodgrass's estate arising prior to February 10, 1986, as time-barred. The trial court denied the motion, holding that there were questions of fact concerning the applicability of the continuous treatment doctrine.

The trial court erred in denying the appellants' motion because the continuous treatment doctrine was inapplicable as a matter of law. Once it was established that the two-and-one-half year limitation period for bringing the medical malpractice claims had passed, the burden shifted to the plaintiff to demonstrate the doctrine's applicability (*see, Werner v Kwee,* 148 AD2d 701). Here, the plaintiff failed to meet that burden.

CPLR 214-a expressly exempts from continuous treatment "examinations undertaken at the request of the patient for the sole purpose of ascertaining the state of the patient's condition". Further, routine examinations of a patient who appears to be in good health or diagnostic examinations, even when conducted repeatedly, do not constitute a course of treatment (*see, Massie v Crawford,* 78 NY2d 516).

With respect to Dr. Bozza, the record demonstrates that subsequent to his initial examination in May 1985, other than possibly discussing the results of the August 1985 mammogram with the plaintiff's decedent, no treatment relating to the plaintiff's decedent's breast condition was expressly contemplated or rendered (*see, Marlowe v DuPont deNemours & Co.,* 112 AD2d 769; *cf., Garcia-Alano v Guttman Breast Diagnostic Inst.,* 188 AD2d 262). Likewise, with respect to Dr. Snodgrass, beyond the initial mammogram in August 1985 no treatment

was contemplated or rendered. Thus, the diagnostic services performed by the defendants were discrete and complete and not part of a course of treatment. As such, the plaintiff's decedent's return visits in 1986 were initiated by her merely to ascertain the state of her condition (*see, Davis v City of New York,* 38 NY2d 257; *Phelps v Greco,* 177 AD2d 559; *Marlowe v DuPont deNemours & Co., supra).* Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.