■ BARBARA LANNI, as Administrator of the Estate of BARBARA NAPOLITANO, Deceased, Respondent, v SURYA SEKAR, Appellant, et al., Defendants. [672 NYS2d 113] —In an action to recover damages for wrongful death, the defendant Surya Sekar appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated May 20, 1997, as denied those branches of the motion of the defendants Surya Sekar, Dolores Paganelli, and Joseph Lo-Presti, which were to preclude the plaintiff from alleging certain acts of malpractice against the defendant Sekar, and to dismiss the action against her as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the action against the defendant Sekar as time-barred is granted, that branch of the motion which was to preclude the plaintiff from alleging certain acts of malpractice is denied as academic, the complaint is dismissed insofar as asserted against the defendant Sekar, and the action against the remaining defendant St. John's Queens Hospital is severed.

In or about April 1980, the plaintiff's decedent and her husband commenced a medical malpractice action against the appellant, among others, based upon alleged acts of malpractice which occurred in November 1977 (hereinafter the malpractice action). The malpractice action was dismissed for neglect to prosecute pursuant to CPLR 3404, one year after it was marked off the calendar, and it was never restored to the calendar.

On August 4, 1995, the plaintiff commenced the instant action to recover damages for wrongful death, claiming that the decedent's death was caused by the same alleged acts and/or omissions which had formed the basis of the malpractice action, as well as other acts and/or omissions which occurred in July 1977.

We agree with the appellant that the instant action is time-barred, and therefore, the complaint should be dismissed insofar as asserted against her. An action to recover damages for wrongful death must be commenced within two years after the decedent's death (see, EPTL 5-4.1 [1]). However, if the Statute of Limitations has expired on the underlying cause of ac-

tion to recover damages for personal injuries or medical malpractice, the wrongful death cause of action is also time-barred (*see, Phelps v Greco,* 177 AD2d 559, 560). At the time the decedent's malpractice action was dismissed pursuant to CPLR 3404, and was not restored to the calendar, any subsequent action to recover damages for medical malpractice based on the same allegations was time-barred and no longer viable (*see,* CPLR 214-a; *Pomerantz v Cave,* 10 AD2d 569; *see generally,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:8, at 79). Therefore, the instant wrongful death cause of action based upon those same alleged acts and/or omissions is time-barred (*see, Phelps v Greco, supra*). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.