■ JOHN C. MURPHY, Appellant, v JOHN E. JACOBY et al., Defendants, and ARTHUR D. BRIMBERG, Respondent. [673 NYS2d 459] —In a medical malpractice action to recover damages for conscious pain and suffering and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 14, 1997, which, upon granting the motion of the defendant Arthur D. Brimberg for summary judgment dismissing the complaint, dismissed the complaint insofar as asserted against the defendant Arthur D. Brimberg.

Ordered that the judgment is modified, on the law, by reinstating the cause of action to recover damages for wrongful death insofar as asserted against the defendant Arthur D. Brimberg; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff's cause of action to recover damages for wrongful death against the defendant Arthur D. Brimberg was timely. The plaintiff's decedent, Bonnie Murphy, died on February 24, 1992, and the plaintiff commenced the instant action on February 23, 1994, just within the two-year period permitted by EPTL 5-4.1. Moreover, under CPLR 214-a, the plaintiff had two-and-one-half years from November 12, 1990—the date when Dr. Brimberg allegedly negligently read her X rays—or until May 12, 1993, to commence an action to recover damages for medical malpractice against Dr. Brimberg for his alleged malpractice. "Since at the time of her death, the plaintiff['s] decedent had a valid cause of action to recover damages for [medical malpractice] and since the wrongful death cause of action was commenced within two years of the date of her death, the wrongful death claim was timely commenced" (*Suarez v Phelps Mem. Hosp. Assn.,* 130 AD2d 571).

However, the plaintiff's cause of action to recover damages for conscious pain and suffering insofar as asserted against Dr. Brimberg is time-barred. The two-and-one-half-year limitation period provided by CPLR 214-a may not be tolled by an imputation of the continuous treatment doctrine to Dr. Brimberg based upon his unspecified "contractual arrangement" with the

defendant John Eric Jacoby, who allegedly treated the plaintiff's decedent until late September 1991 (*see, e.g., Cox v Kingsboro Med. Group,* 214 AD2d 150, *affd* 88 NY2d 904). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.