■ BARBARA SCANZANO, Appellant, v STUART HOROWITZ, Defendant, and ROGER KERSTEN et al., Respondents. [854 NYS2d 734]—

The Supreme Court incorrectly concluded that the cause of action to recover damages for wrongful death was time-barred insofar as asserted against the defendants Roger Kersten and Roger Kersten, D.O., P.C. (hereinafter collectively Dr. Kersten), and partially time-barred insofar as asserted against the defendant Long Island Cardiology and Internal Medicine (hereinafter LICIM). Pursuant to EPTL 5-4.1, a cause of action to recover damages for wrongful death may be maintained against persons "who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued. Such an action must be commenced within two years after the decedent's death." At the time of the decedent's death, the decedent had a cause of action to recover damages for medical malpractice against Dr. Kersten and LICIM, which was Dr. Kersten's employer (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]), that was not time-barred (*see* CPLR 214-a; *Murphy v Jacoby*, 250 AD2d 826 [1998]; *Suarez v Phelps Mem. Hosp. Assn.*, 130 AD2d 571 [1987]; *Marlowe v DuPont deNemours & Co.*, 112 AD2d 769, 771 [1985]). Furthermore, the plaintiff, who is the decedent's widow

and personal representative, asserted the cause of action against Dr. Kersten and LICIM within two years after the decedent's death (*see* EPTL 5-4.1 [1]). Accordingly, upon reargument, the Supreme Court should have adhered to the prior determination denying those branches of the motion of Dr. Kersten and LICIM which were to dismiss the cause of action to recover damages for wrongful death insofar as asserted against them. Mastro, J.P., Covello, Eng and Belen, JJ., concur.