■ FERN B. MIKUS et al., Appellants, v FRANK ROSELL et al., Respondents. [878 NYS2d 203]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 16, 2008, as granted that branch of the motion of the defendants Frank Rosell and Soad Bekheit-Saad which was for summary judgment dismissing the wrongful death cause of action insofar as asserted against the defendant Frank Rosell, and (2) so much of a judgment of the same court entered February 21, 2008, as, upon the order, is in favor of the defendant Frank Rosell and against her, dismissing the wrongful death cause of action insofar as asserted against him.

Ordered that the appeal from the order dated January 16, 2008 is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the wrongful death cause of action insofar as asserted against the defendant Frank Rosell is reinstated, that branch of the motion of the defendants Frank Rosell and Soad Bekheit-Saad which was for summary judgment dismissing the complaint insofar as asserted against the defendant Frank Rosell is denied, the order dated January 16, 2008 is modified accordingly, and so much of a subsequent order of the same court dated May 21, 2008, as, upon reargument, adhered to the original determination in the order dated January 16, 2008, granting that branch of the motion is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order dated January 16, 2008, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see*

*Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the Supreme Court's conclusion, the plaintiffs' cause of action to recover damages for wrongful death insofar as asserted against the defendant Frank Rosell is not time-barred. At the time of the decedent's death on October 30, 2004 the decedent still had a viable cause of action to recover damages for medical malpractice based on Rosell's allegedly negligent treatment on January 15, 2003 (*see* CPLR 214-a). Since the wrongful death cause of action against Rosell was interposed within two years of the decedent's death, it is not time-barred (*see* EPTL 5-4.1; *Scanzano v Horowitz,* 49 AD3d 855, 856 [2008]; *Norum v Landau,* 22 AD3d 650, 651-652 [2005]; *Murphy v Jacoby,* 250 AD2d 826 [1998]; *Suarez v Phelps Mem. Hosp. Assn.,* 130 AD2d 571 [1987]; *Marlowe v DuPont deNemours & Co.,* 112 AD2d 769, 771 [1985]; *cf. Phelps v Greco,* 177 AD2d 559, 560 [1991]). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur. [*See* 19 Misc 3d 178.]