The plaintiff’s decedent died on June 9, 2005. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death, etc., on May 24, 2007, against, among others, the defendants Janice McCormack and South Bay Cardiovascular Associates, EC. (hereinafter together the South Bay defendants). Although the South Bay defendants raised the issue of the statute of limitations in their answer, they moved, inter alia, for summary judgment dismissing the cause of action alleging wrongful death insofar as asserted against them on the ground that they did not depart from accepted medical practice in treating the decedent. The Supreme Court, sua sponte, in effect, directed the dismissal of the wrongful death cause of action insofar as asserted against the South Bay defendants on the ground that it was time-barred, and denied their motion for summary judgment as academic.
On a motion for summary judgment, the court is limited to the issues or defenses that are the subject of the motion before *917 the court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; Quizhpe v Luvin Constr., 70 AD3d 912, 914 [2010]). Therefore, the Supreme Court erred in deciding the matter based upon the statute of limitations. In any event, the cause of action alleging wrongful death was timely commenced within two years of the decedent’s death, since, at the time of her death, her cause of action sounding in medical malpractice was not time-barred (see EPTL 5-4.1 [1]; Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d 1035 [2012]; Mikus v Rosell, 62 AD3d 674, 675 [2009]; Scanzano v Horowitz, 49 AD3d 855, 856 [2008]; Norum v Landau, 22 AD3d 650, 651 [2005]; Murphy v Jacoby, 250 AD2d 826 [1998]). The statute of limitations for medical malpractice causes of action (see CPLR 214-a) was extended by the infancy toll until two years and six months after the decedent’s 18th birthday in January 2003, to wit, until July 2005 (see CPLR 208; Henry v City of New York, 94 NY2d 275 [1999]; Yang v Oceanside Union Free School Dist., 90 AD3d 649 [2011] ). Since, at the time of her death in June 2005, the decedent had a valid cause of action to recover damages for medical malpractice, and the cause of action alleging wrongful death was asserted within two years of the date of her death, the cause of action alleging wrongful death was timely interposed (see EPTL 5-4.1 [1]; Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d 1035 [2012]; Mikus v Rosell, 62 AD3d at 675; Scanzano v Horowitz, 49 AD3d at 856; Norum v Landau, 22 AD3d at 651; Murphy v Jacoby, 250 AD2d 826 [1998]).
As the Supreme Court denied the South Bay defendants’ motion for summary judgment as academic, we remit the matter to the Supreme Court, Suffolk County, for a determination of that motion on the merits (see Gosine v Sahabir, 91 AD3d 910, 911 [2012] ; Hluch v Ski Windham Operating Corp., 85 AD3d 861, 864 [2011]; Hunter Sports Shooting Grounds, Inc. v Foley, 73 AD3d 702 [2010]). Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.