In an action, inter alia, to recover damages for legal malpractice, the defendants/third-party plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Walker, J.), dated October 8, 2013, which granted the third-party defendants’ motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint, and denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint, and (2) a judgment of the same court entered December 3, 2013, which, upon the order, is in favor of the third-party defendants and against them dismissing the third-party complaint.
Ordered that the appeal from so much of the order as granted the motion of the third-party defendants pursuant to CPLR 3211 (a) to dismiss the third-party complaint is dismissed; and it is further,
Ordered that the order is reversed insofar as reviewed, on the law, the motion of the defendants/third-party plaintiffs pursuant to CPLR 3211 (a) to dismiss the complaint is granted, and the matter is remitted to the Supreme Court, Westchester County, for the severance of the main action and the entry of an appropriate judgment in favor of the defendants/third-party plaintiffs and against the plaintiff dismissing the complaint; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendants/ *913 third-party plaintiffs and the third-party defendants, payable by the plaintiff.
The appeal from so much of the order as granted the motion of the third-party defendants pursuant to CPLR 3211 (a) to dismiss the third-party complaint must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the third-party action (see Matter ofAho, 39 NY2d 241 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
In November 2005, the plaintiff, Tracy Stein, and her now-deceased husband, Allan Stein (hereinafter the decedent), retained the defendants, Randall J. Chiera and Chiera & Associates (hereinafter together Chiera), to commence an action on their behalf to recover damages for medical malpractice based on the failure of various medical professionals to timely diagnose the decedent’s lung cancer. On November 7, 2005, the decedent died, and on the same day, Chiera commenced an action, inter alia, seeking damages for medical malpractice (hereinafter the 2005 action). Chiera failed to serve the defendants in the 2005 action and, eventually, that action was dismissed. In October 2006, the plaintiff retained the third-party defendants, Joseph M. Lichtenstein and the Law Offices of Joseph M. Lichtenstein, P.C. (hereinafter together Lichtenstein), to commence a new action to recover damages for medical malpractice and wrongful death, on behalf of the plaintiff individually and as executor of the decedent’s estate. On October 16, 2006, less than a year after the decedent’s death, Lichtenstein commenced an action on the plaintiff’s behalf (hereinafter the 2006 action). Ultimately, the 2006 action was settled.
Before the 2006 action settled, the plaintiff commenced this action, inter alia, to recover damages for legal malpractice against Chiera. In an amended complaint, she alleged that, as a result of Chiera’s failure to properly serve the defendants in the 2005 action and the consequent dismissal of that action, some of her claims were untimely when she commenced the 2006 action. Specifically, the plaintiff alleged that some of the acts of medical malpractice underlying her wrongful death cause of action had taken place more than 2V2 years before she commenced the 2006 action. As a result of Chiera’s alleged legal malpractice in failing to timely serve the defendants in the 2005 action, the plaintiff was forced to accept a settlement in the 2006 action for “a far lower amount” than “the full value of [the] medical malpractice claims.”
*914 After being served with the plaintiff’s complaint, Chiera commenced a third-party action against Lichtenstein for contribution and common-law indemnification. Chiera alleged that Lichtenstein’s deficient representation, not Chiera’s, was the proximate cause of the plaintiff’s acceptance of a settlement for less than the full value of her claims. Lichtenstein moved pursuant to CPLR 3211 (a) to dismiss the third-party complaint. Chiera, in turn, moved pursuant to CPLR 3211 (a) to dismiss the complaint. The Supreme Court granted Lichtenstein’s motion to dismiss Chiera’s third-party complaint, and a judgment was entered dismissing that third-party complaint. The Supreme Court denied Chiera’s motion to dismiss the complaint. Chiera appeals.
On a motion to dismiss a complaint for failure to state a cause of action, the complaint is to be afforded a liberal construction. The facts alleged in it are presumed to be true and are to be accorded every favorable inference. If they fit within any cognizable legal theory, the motion to dismiss should be denied (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125 [2009], affd 16 NY3d 775 [2011]). If, however, the allegations do not fit within any cognizable legal theory even after they are accorded every favorable inference, the motion to dismiss should be granted (see Fisher v DiPietro, 54 AD3d 892, 894-895 [2008]).
To state a cause of action to recover damages for legal malpractice, a plaintiff must allege that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney’s failure was a proximate cause of actual and ascertainable damages (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434-435 [2007]; Randazzo v Nelson, 128 AD3d 935 [2015]; Held v Seidenberg, 87 AD3d 616, 617 [2011]). To establish causation, it is sufficient that the plaintiff allege that, but for the defendant attorney’s failure to exercise ordinary reasonable skill and knowledge, there would have been a more favorable outcome in the underlying proceeding (see Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 823 [2015]). Even when the underlying proceeding has settled, a plaintiff may state a cause of action alleging legal malpractice, upon sufficiently alleging that the settlement was “ ‘effectively compelled by the mistakes of counsel’ ” (Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083 [2005], quoting Bernstein v Oppenheim & Co., 160 AD2d 428, 430 [1990]; see Schiff v Sallah Law Firm, P.C., 128 AD3d 668 [2015]).
*915 Here, the plaintiff’s factual allegations fail to state a cause of action to recover damages for legal malpractice against Chiera. First, any medical malpractice cause of action to recover damages for pain and suffering that was viable on the date that the decedent died was still viable when Lichtenstein commenced the 2006 action less than one year later (see CPLR 210 [a]; EPTL 11-3.2 [b]; Cancel v Posner, 82 AD3d 575, 575-576 [2011]; cf. Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 616 [2012]). Second, any wrongful death cause of action against those medical professionals based on the same acts of medical malpractice was also timely when the plaintiff commenced the 2006 action. EPTL 5-4.1 provides a two-year statute of limitations for a wrongful death cause of action: “The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent’s death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued. Such an action must be commenced within two years after the decedent’s death” (EPTL 5-4.1 [1]).
Additionally, the statute of limitations for medical malpractice is 2V2 years (see CPLR 214-a). Thus, the plaintiff had two years from the date of the decedent’s death, November 7, 2005, to assert a wrongful death cause of action for any act of medical malpractice that occurred within 2V2 years before the date of the decedent’s death (see Baron v Brown, 101 AD3d 915, 917 [2012]; Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d 1035, 1036 [2012]). Contrary to the plaintiff’s contention and the Supreme Court’s holding, the 2V2-year lookback period ran not from the commencement of the 2006 action in October 2006, but from the date of the decedent’s death, November 7, 2005. In other words, no cause of action alleging wrongful death that would have been timely on November 7, 2005, was untimely in October 2006 (see Baron v Brown, 101 AD3d at 917; Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d at 1036; Capece v Nash, 70 AD3d 743, 745-746 [2010]; Mikus v Rosell, 62 AD3d 674, 675 [2009]; Scanzano v Horowitz, 49 AD3d 855, 856-857 [2008]; Norum v Landau, 22 AD3d 650, 651 [2005]; Murphy v Jacoby, 250 AD2d 826, 826 [1998]). Inasmuch as the plaintiffs allegation against Chiera was based on the incorrect premise that Chiera’s alleged negligence caused the plaintiff’s cause of action to become time-barred, it is clear that any failure by Chiera in the prosecution of the 2005 action did not “effectively compel” the plaintiff to settle the 2006 action for less than its full value (see Schiff v Sallah Law Firm, P.C., 128 AD3d 668 *916 [2015]; Leiner v Hauser, 120 AD3d 1310, 1312 [2014]; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813 [2013]).
Furthermore, the Supreme Court should have granted those branches of Chiera’s motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of contract and negligent misrepresentation for failure to state a cause of action, since those causes of action arose from the same facts as the legal malpractice cause of action, and do not allege distinct damages (see Biberaj v Acocella, 120 AD3d 1285, 1287 [2014]; Palmieri v Biggiani, 108 AD3d 604, 608 [2013]).
In light of our determination that the complaint should have been dismissed, the question of whether the Supreme Court properly granted Lichtenstein’s motion to dismiss the third-party complaint has been rendered academic (see Roberson v Wyckoff Hgts. Med. Ctr., 123 AD3d 791, 792 [2014]). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.