Mitchell v New York City Health & Hosps. Corp. (2025 NY Slip Op 51451(U))

[*1]

Mitchell v New York City Health & Hosps. Corp.

2025 NY Slip Op 51451(U)

Decided on September 12, 2025

Supreme Court, Kings County

Mallafre Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2025
Supreme Court, Kings County

Joey Mitchell, as Administrator of the Estate of BARBARA MITCHELL, Deceased and JOEY MITCHELL, Individually, Plaintiff,

against
New York City Health & Hospitals Corporation and CONEY ISLAND HOSPITAL, Defendants.

Index No. 505472/2025

Plaintiff
Cornelius Joseph Redmond, Esq. ([email protected])
Redmond Law Firm PLLC
80 Broad Street, Ste. 1202
New York, NY 10004
212-799-8989
Defendants
Christopher Tohir, Esq. ([email protected])
Furman Kornfeld & Brennan
88 Pine Street, 32nd Floor
New York, NY 10005
212-864-4100

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR § 2219 [[a], of the papers considered in the review:
NYSCEF #s: 17 — 18, 19 — 20, 23 — 28, 29 — 30
Defendants The New York City Health and Hospitals Corporation ("NYCHHC") and Coney Island Hospital move (Seq. No. 1) for an Order, pursuant to CPLR 3211 (a) (5), to dismiss all causes of action in Plaintiff's Complaint, except wrongful death, as time-barred by the statute of limitations. Plaintiff opposes the motion.
The issue before the Court is whether Plaintiff recommenced this action in compliance with CPLR 205 (a), thereby making this new action timely. Additionally, the Court must consider whether this action, if dismissed, may be revived by CPLR 205 (a).
"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. If such prima facie showing is made, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable." (RTT Holdings, LLC v Nacht, 206 AD3d 834, 835 [2d Dept 2022] [internal citations omitted].)
Plaintiff's underlying claims arise from the Decedent's medical treatment and care which occurred on or about April 5, 2023. Decedent passed away on May 9, 2023. The Complaint asserts causes of action for medical malpractice, negligent hiring, retention, training and supervision, and wrongful death.
Plaintiff commenced a prior action (Index No. 502184/2024) against NYCHHC and Coney Island Hospital on January 23, 2024, based on the same events and occurrences. At that time, Plaintiff was designated in the caption as "Proposed Administrator" of Decedent's estate and had not been issued letters of administration [FN1]
. Upon Defendants' motion, that action was dismissed pursuant to CPLR 3211 (a) (3) for lack of legal capacity. The order was signed on July 17, 2024, and entered on NYSCEF the same date.
This Court's July 17, 2024 dismissal was expressly "without prejudice to refile under CPLR 205 (a)." It is not disputed that the first action was timely filed within one year and ninety days after the claims arose, and it was terminated for reasons other than voluntary discontinuance, failure to obtain personal jurisdiction, neglect to prosecute, or final judgment on the merits (see CPLR 205 [a]). Thus, Plaintiff was entitled to the savings provision of CPLR 205 (a) to commence a new action within six months.
CPLR 205 (a) allows a plaintiff to "commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination, provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (CPLR 205 [a] [emphasis added]).
The prior action's "termination" is measured from the date of entry of the order dismissing the action (see U.S. Bank N.A. v Navarro, 188 AD3d 1282 [2d Dept 2020]; U.S. Bank N.A. as Tr. for RMAC Tr., Series 2016-CTT v Farrell, 200 AD3d 1707 [4th Dept 2021]). As stated, the order dismissing the prior action was signed and entered on July 17, 2024. Although the six months begins to run from entry of the order and not service of the Notice of Entry, the Court notes that the Notice of Entry was also e-filed on July 17, 2024.
Accordingly, the six-month period to revive this action under CPLR 205 (a) ran from July 17, 2024 to January 17, 2025. Plaintiff was required to refile and effect service on Defendants within that period (see Silber v Stein, 287 AD2d 494, 495 [2d Dept 2001]). Courts have liberally construed the service requirement, differentiating the date of "effected" service from the "completed" service language of CPLR 205-a, which applies to certain real property actions only (Deutsche Bank Natl. Tr. Co. v Heitner, 226 AD3d 967 [2d Dept 2024]). However, the six-month deadline to "commence" the new action by filing a Summons and Complaint or Summons with Notice is clearly mandated by statute (see CPLR 205 [a]; CPLR 304 [a]).
Plaintiff commenced this action by filing the Summons and Complaint on February 14, 2025 and served Defendants on or about February 19, 2025. As the action was commenced over three weeks past the CPLR 205 (a) six month deadline, it is not applicable to deem the new action timely.
Without the benefit of CPLR 205 (a), the Court considers the statute of limitations applicable for Plaintiff's underlying claims. Gen. Mun. Law § 50-i and Uncon. Law § 7401 (2) provide that any action against NYCHHC "shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued," except the cause of action for wrongful death which "shall be commenced within two years after the happening of the death."
In opposition, Plaintiff incorrectly applies the statute of limitations of two years and six months for medical malpractice (CPLR 214-a) and three years for negligent hiring and supervision (CPLR 214) against [*2]NYCHHC, a municipal corporation. However, all personal injury claims against NYCHHC, other than wrongful death, are subject to the "one year and ninety days" limitations period of Gen. Mun. Law § 50-i and Uncon. Law § 7401 (2). The statute of limitations as to wrongful death is two years from the date of death. Gen. Mun. Law § 50-i.
Plaintiff also argues that the "continuous treatment" doctrine should be applied to extend the statute of limitations, based on Decedent's last date of treatment. However, even assuming the statute of limitations began to run from the date of her death on May 9, 2023, any personal injury or pain and suffering claims on behalf of Decedent expired at latest on August 7, 2024, one year and ninety days after her date of death.
The instant action commenced on February 14, 2025 is therefore time-barred as to any claims other than wrongful death. The timeliness of the first action is immaterial, as this action was commenced more than six months after its termination and CPLR 205 (a) does not apply.
Notwithstanding, the statute of limitations for wrongful death on behalf of Decedent's estate expired on May 9, 2025, and those claims were still timely when this action was commenced on February 14, 2025. The Court notes that any tort, including medical malpractice, may be asserted as the underlying theory of liability and "wrongful conduct" which caused the death (see Perez v Baez, 185 AD3d 1062, 1063-1064 [2d Dept 2020]; Stein v Chiera, 130 AD3d 912, 915 [2d Dept 2015]). However, recovery is limited to the damages for wrongful death under EPTL § 5-4.3, not personal injuries or pain and suffering on behalf of the Decedent.
Accordingly, Defendants' motion is granted to the extent of dismissing all claims for recovery of damages other than wrongful death as time-barred by the statute of limitations.
Lastly, the Court will address whether the dismissal of the time-barred claims is with or without prejudice to a further CPLR 205 (a) extension. Generally, "CPLR 205 (a) provides a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant's willingness to prosecute in a timely fashion nor to the merits of the underlying claim" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 200 [2d Dept 2017], quoting George v Mt. Sinai Hosp., 47 NY2d 170 [1979]). This statute has long been applied to preserve the claims of a deceased person's estate when their initial, timely action was dismissed for procedural reasons involving the appointment of an administrator or executor (see Carrick v Cent. Gen. Hosp., 51 NY2d 242 [1980]; Snodgrass v Professional Radiology, 50 AD3d 883 [2d Dept 2008]). "When a complaint is dismissed for lack of capacity because the plaintiff has not yet obtained letters to administer a decedent's estate, CPLR 205 (a) allows for the recommencement of a new action within six months even if the statute of limitations has expired in the interim" (Tumminia v Staten Is. Univ. Hosp., 237 NYS3d 90, 93-94 [2d Dept 2025] [emphasis added]).
The Second Department's recent holding in Tumminia clarified that, under appropriate circumstances, CPLR 205 (a) can be used as a remedy more than once. As in the instant action, that case involved a "lack of capacity" dismissal where the estate had difficulty obtaining letters of administration within six months of termination. In Tumminia, the proposed administrator's first action was dismissed for lack of capacity, and the same proposed administrator filed a second action within six months which was again dismissed under CPLR 3211 (a) (3). The lower court dismissed the second action "with prejudice," in accordance with a federal Second Circuit holding that CPLR 205 (a) "authorizes only one six-month extension of the statute of limitations, not multiple extensions" (Tumminia at 93; c.f. Ray v Ray, 22 F4th 69 [2d Cir 2021]).
On appeal, the Second Department affirmed the dismissal but modified it as "without prejudice" to a potential third action. As a matter of first impression, the Second Department held that CPLR 205 (a) does not limit a litigant to one six-month extension but instead may allow successive recommencements. The court noted that this would protect a diligent plaintiff who was delayed in appointing an administrator "through no fault" of the estate (Tumminia at 97). They explained their reasoning as follows:
"Here, in determining whether the complaint was properly dismissed 'with prejudice,' the issue is [*3]whether a new action commenced within six months of the dismissal of the instant action 'would have been timely commenced at the time of commencement of the prior action' (id.), i.e., whether the new action would have been timely commenced at the time of the time of commencement of the instant action. Such a new action 'would have been timely commenced at the time of commencement' of the instant action because as a result of the plain language of CPLR 205(a), the instant action, which was commenced within six months of the dismissal of the prior action, was timely. That is, when there are three successive actions filed, with the second and third being commenced within six months of the dismissal of the previous action, the third action 'would have been timely commenced at the time of commencement of' the second action because, as a result of CPLR 205(a), the second action was timely. The fact that the second action was timely only as a result of the operation of CPLR 205(a) does not detract from the fact that it was, in fact, timely, meaning that the third action 'would have been timely commenced at the time of commencement' of the second action." (Tumminia at 96-97 [emphasis added].)
In short, the appellate court held that the CPLR 3211 (a) (3) dismissal of the timely filed second action should have been without prejudice to a further CPLR 205 (a) extension. The savings statute permits a new action which "would have been timely commenced at the time of the prior action," and in that case, the second action was timely "as a result of the operation of CPLR 205 (a)."
Here, Plaintiff's first action was dismissed under similar circumstances as the first action in Tumminia, and they sought to appoint an administrator and revive their claims after the dismissal. However, the second action differs from Tumminia because it was not timely filed within six months, and the time-barred claims cannot be "deemed timely" through the application of CPLR 205 (a). Unlike Tumminia, Defendants have moved to dismiss the second action based on CPLR 3211 (a) (5), rather than a continued lack of capacity.
Regarding the savings provision, courts have long held that "the important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts" (Gaines v City of New York, 215 NY 533, 533 [1915]). CPLR 205 (a) therefore may extend the statute of limitations so long as the conditions of the statute are met. One of those conditions is that the terminated action was timely commenced, whether by the statute of limitations or "only as a result of the operation of CPLR 205 (a)" (Tumminia at 97).
For the reasons discussed, the claims dismissed herein are time-barred by the statute of limitations, and they cannot be deemed timely by operation of CPLR 205 (a) due to Plaintiff's failure to refile within the six-month period. The Court is therefore constrained to dismiss the time-barred claims, i.e., pain and suffering, with prejudice pursuant to CPLR 3211 (a) (5) and without the benefit of the re-filing provision of CPLR 205 (a).
Accordingly, it is hereby:
ORDERED that Defendants' motion (Seq. No. 1) seeking to dismiss Plaintiff's causes of action other than wrongful death as time-barred by the statute of limitations and CPLR 205 (a), is GRANTED TO THE EXTENT that Plaintiff's claims are dismissed, with prejudice, as to any personal injury/pain and suffering damages, and this action remains viable as to wrongful death claims sounding in medical malpractice and/or negligence.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.

Footnotes

Footnote 1: Letters of administration were subsequently granted to the Plaintiff-administrator by Surrogate's Court on February 28, 2025, after the second action was commenced (see NYSCEF Doc. 30).